NORRIS, Judge.
John S.C. Massey sued Amoco Production Company and others to dissolve two mineral leases for failure to pay royalties, and for damages, statutory penalties and attorney fees. Amoco filed a dilatory exception of prematurity, urging it had not received proper written notice and time to respond prior to suit, as provided by the Louisiana Mineral Code. The trial court sustained the objection and Massey now appeals. We affirm. Amoco has also filed a motion which we do not consider.

Factual background

Massey’s original petition, filed in May 1990, relates that the subject property, 40 acres in Ouachita Parish, was originally burdened in 1962 by two mineral leases in favor of Pan American Petroleum, Amoco’s corporate predecessor. Massey bought the property in 1976. At the time, it was unitized in the Cheniere Field Unit, of which Pan American was designated the operator in 1966 and Amoco remains the operator. The instant petition does not specifically allege that Amoco failed to pay royalties accruing from this unit, but the prayer for relief seeks an accounting with respect to it. Sometime prior to 1985, Amoco subleased part of its rights to TXO Production Corporation, which was designated the operator of a separate unit, the Parlor City Unit, in early 1985. Between 1987 and 1989, TXO authorized other defendants, the Fina group and the Arkla group, to extract gas and natural gas from the Parlor City Unit. Massey’s petition specifically alleges that the defendants have failed to pay his pro rata share of royalties from the Parlor City Unit. The petition seeks an accounting as to both units, cancellation of both leases, penalties and attorney fees.
In February 1990, before filing suit, Massey sent a demand letter to TXO, the Fina group and the Arkla group, demanding cancellation of the leases for nonpayment of royalties. The letter was neither addressed nor sent to Amoco. However, Amoco was named a defendant in the suit and served with the petition on May 9, 1990.
Amoco filed an exception of prematurity, urging that Massey did not make the requisite written demand pursuant to article 137 of the Mineral Code (La.R.S. 31:137). The trial court sustained this exception on July 27, 1990 and dismissed Amoco from the proceedings.
Massey replied by sending Amoco a written demand which it received on July 30, 1990. Two days later, August 1, Massey filed a First Amending and Supplemental petition, adding Amoco as a defendant and urging that the claim was not premature because Amoco’s service with the original petition amounted to written notice under the Mineral Code. He also cited the formal letter of July 1990 as adequate notice.
Amoco filed a second exception of prematurity, urging that the service of a petition is not the written notice contemplated by art. 137. As for the new demand letter, Amoco admitted receiving it but urged the lessee must be given 30 days in which to pay or respond to the claim before suit is proper, under art. 138 (La.R.S. 31:138). The trial court sustained this exception on August 14, 1991, noting that “since Amoco was added as a defendant less than 30 days after the demand, the action against it is premature.” R.p. 49. Although the court did not so state, the effect of sustaining the exception was to dismiss the suit as to Amoco. La.C.C.P. art. 933; Duncan v. Duncan, 359 So.2d 1310 (La.App. 1st Cir.1978).
Massey now appeals, isolating the following issues:
(1) Whether the original lessee is entitled to the requisite notice after having assigned the lease, noticing the lessor, and registry of the assignment;
(2) Whether notice to a sublessee or assignee is notice to the original lessee; and
*188 (3) Alternatively, if notice is required to the original lessee, whether service of an original petition and citation is sufficient notice to lessee.

Discussion

The applicable law as to notice is set forth in the Louisiana Mineral Code. Article 137 provides that if a mineral lessor seeks relief for the failure of his lessee to make timely or proper payment of royalties, he must give his lessee notice of such failure as a prerequisite to a judicial demand for damages or dissolution of the lease. Article 138 gives the lessee 30 days after receipt of the required notice within which to pay the royalties due or to respond by stating in writing a reasonable cause for nonpayment.
Massey’s first two arguments are premised on the allegation that Amoco subleased its leases to TXO, thus activating an article pertaining to assignments and subleases:
§ 132. Demands by lessor; effect on assignee or sublessee
An assignee or sublessee is bound by any notice or demand by the lessor on the lessee unless the lessor has been given written notice of the assignment or sublease and the assignment or sublease has been filed for registry. If filing and notice have taken place, any subsequent notice or demand by the lessor must be made on the assignee or sublessee.
From this, Massey urges that timely notice to TXO, the sublessee, was timely notice to Amoco. We disagree.
In the first place, the factual background set forth in Massey’s own petition plainly shows that as to minerals affected by the Cheniere Field Unit, Amoco has not subleased or assigned its lease rights to anyone. It is still the lessee and operator. The delivery of written notice to TXO in February 1990 does not satisfy the requirement of written notice to Amoco under art. 137.
As to the Parlor City Unit, Amoco has indeed subleased its rights to TXO, which in turn assigned rights to the Fina group and the Arkla group, all of which received Massey’s written notice in February 1990. Massey correctly points out that Amoco’s sublease agreement provides that TXO “hereby assumes and agrees to perform to the full extent that subleases remain a burden on the leased acreage.” However, the plain meaning of art. 132 is that if a sublease is properly recorded and notice thereof is given to the lessor, the lessor may not give art. 137 notice of cancellation to the original lessee only. Notice of cancellation must be given to the subles-sees as well, to affect them. The article neither provides nor implies that in the event of a properly recorded and “noticed” sublease, the lessor may omit notice of cancellation to the original lessee. This conclusion would be inconsistent with the general theory of art. 132 to give notice of cancellation to all concerned parties. In fact, the comment to art. 132 is directly on point:
This does not mean that the lessor will not have to make a demand on his original lessee as a prerequisite to cancellation of a lease which has been subleased, it simply means that if a demand is to be made, it must be made also on the holder of the recorded sublease in order that he be bound by it. (emphasis added)
In short, Amoco was entitled to written notice that Massey wanted to cancel the leases for nonpayment of royalties. The notice of February 1990 to TXO and the other defendants was not notice to Amoco.
The subsequent demand letter of July 1990 came less than 30 days before the filing of the amended petition that added Amoco back as a defendant. The amended petition was therefore premature. Willis v. Franklin, 420 So.2d 1243 (La.App. 3d Cir.1982). Massey’s first two arguments lack merit.
Massey’s third argument is that if Amoco was entitled to written notice under art. 137, then service and citation of the original petition on May 9, 1990 was written, timely notice under arts. 137 and 138. In support he cites this court’s opinion in Fuller v. Franks Petr. Inc., 501 So.2d 1024 (La.App. 2d Cir.1987). In that case, we stated in a footnote:
*189 Here, the lessors did not make demand for payment of interest in their written notice which triggered the thirty day period. However, the petition demanded payment of interest, meeting the requirement of written notice therefor.
Earlier in the text of the opinion, however, we stated that “a demand was made on Franks for payment of the royalties past due” and the “notice procedure was adequately followed by the plaintiffs herein.” 501 So.2d at 1026, 1029. The glaring difference between Fuller and the instant case is that Massey never gave Amoco proper written notice. Our point in the footnote in Fuller was that if notice is given and otherwise proper, the lessor’s failure to enumerate all the penalties or damages involved will not vitiate the notice. A technical shortcoming in a proper notice may be overlooked. Quite a different situation is presented where, as here, the lessor failed to give the lessee any timely written notice.
Mineral Code art. 137 sets forth written demand as the prerequisite to judicial demand. Article 138 gives the lessee 30 days to reply. This scheme allows the lessee the opportunity “to make an informed judgment whether suspended or accrued royalties should be paid” before the lessee is exposed to the harsh remedy of cancellation. J. McCollam, “A Primer for the Practice of Mineral Law under the new Louisiana Mineral Code,” 50 Tul.L.Rev. 729, 816 (1976). The option of informed judgment, especially when statutory penalties and attorney fees are involved, is undermined if the lessor may start the procedure with a lawsuit. A judicial demand is not a “written demand” under art. 137 and thus is not a valid prerequisite to another judicial demand. Rebstock v. Birthright Oil & Gas Co., 406 So.2d 636 (La.App. 1st Cir.), writ denied 407 So.2d 742 (La.1981). Massey’s third argument lacks merit.
The judgment sustaining Amoco’s exception of prematurity will be affirmed.

Amoco’s motion

Both parties concede that after this appeal was lodged, Massey filed a Second Amending and Supplemental petition on January 29, 1992, adding Amoco as defendant. Amoco answered on April 14, 1992. After this Amoco filed (and later withdrew) a motion to dismiss the appeal. The latest motion includes a prayer that this court “undo” all actions of the trial court after the appeal was lodged. Notably, this court’s transcript ends with the order for devolutive appeal, signed by the trial judge on October 24, 1991.
We would agree that once the trial court signed the order of appeal, it lost jurisdiction over “all matters reviewable under the appeal.” La.C.C.P. art. 2088. Perhaps the Second Amended Petition and Amoco’s answer thereto reiterate issues to be reviewed on appeal, or perhaps they raise a new cause of action, as Mr. Massey suggested at oral argument: Because these documents are not part of the record, we cannot tell. The trial court is in the better position to determine whether these matters were within its jurisdiction and order suitable relief, should Amoco request it. We will not consider the motion at the present time.

Conclusion

For the reasons expressed, the judgment of August 14, 1991 sustaining Amoco’s exception of prematurity is affirmed at plaintiff’s cost. Amoco’s motion for further relief in the trial court is not considered.
AFFIRMED.