910 So.2d 441 (2005)
Sandra O'CONNOR, James O'Connor and Danielle Larmeu
v.
Ronny NELSON, Camille Spinelli, Valentino Spinelli, and XYZ Insurance Company.
No. 05-CA-125.
Court of Appeal of Louisiana, Fifth Circuit.
July 26, 2005.
*442 E. Ronald Mills, Metairie, LA, for Appellants, Sandra O'Connor, James O'Connor, and Danielle Larmeu.
Daniel L. Dysart, Chalmette, LA, for Appellees, Ronny Nelson, Camille Spinelli, and Valentino Spinelli.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SUSAN M. CHEHARDY, and WALTER J. ROTHSCHILD.
SUSAN M. CHEHARDY, Judge.
In this wrongful death lawsuit, plaintiffs appeal from a judgment granting defendants' exception of no right of action, motion to strike portions of the petition, and motion for summary judgment. For the following reasons, we find that the judgment appealed from is not a final, appealable judgment. Therefore, we dismiss this appeal without prejudice.
On September 22, 1998, Isis Marie Larmeu was born to Danielle Larmeu and Ronny Nelson, who later married then separated. Initially, Danielle Larmeu obtained physical custody of Isis during the separation. On November 8, 1999, Danielle Larmeu, by written petition to the Juvenile Court for Jefferson Parish, surrendered temporary custody of Isis to Danielle's grandmother, Sandra O'Connor. Ronny Nelson did not appear in these proceedings but his parental rights were reserved in compliance with state law. On October 21, 2002, Sandra O'Connor was granted permanent custody of Isis and Ronny Nelson was ordered to pay child support of $100.00 per month to Mrs. O'Connor.
On March 26, 2003, Ronny Nelson petitioned for full custody of Isis. On January 12, 2004, the juvenile court awarded full custody of Isis to Ronny Nelson. On March 24, 2004, Isis Larmeu drowned in a swimming pool while she was under Camille Spinelli's supervision.
On April 13, 2004, Sandra O'Connor, James O'Connor, and Danielle Larmeu filed a petition for damages against Ronny Nelson, Camille Spinelli, Valentino Spinelli, and XYZ Insurance Company. On June 2, 2004, defendants filed an answer and partial exception of no cause/right of action against Sandra and James O'Connor. That same day, defendants also filed a Motion to Strike three paragraphs from plaintiffs' petition and also a partial Motion for Summary Judgment in favor of Ronny Nelson and Valentino Spinelli.
On August 13, 2004, Ronny Nelson filed a cross-claim and third-party demand against his mother, Camille Spinelli, and, her insurer, AIG Insurance Company. On September 8, 2004, the trial judge heard defendants' partial exception of no cause/right of action, motion to strike, and partial motion for summary judgment. Plaintiffs had not filed oppositions to defendants' exception or motions so plaintiffs' counsel was not permitted oral argument on the issues.
On September 13, 2004, the trial judge signed a written judgment granting defendants' partial exception of no right of action, motion to strike, and partial motion for summary judgment, which dismissed Ronny Nelson and Valentino Spinelli as defendants with prejudice. On September 17, 2004, plaintiffs filed a motion to set aside the judgment or for rehearing. On December 13, 2004, after a hearing, the trial judge refused to set aside the previous rulings. This appeal followed.
La. C.C.P. art. 1915 provides, in pertinent part, that:

*443 B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
First, the judgment in this case does not adjudicate all the claims of all of the parties. Here, Danielle Larmeu remains a party plaintiff and Camille Spinelli and her insurer remain parties defendant. Further, there has been no consideration of the cross-claim and third-party demand made by Ronny Nelson. Second, the trial judge did not designate the judgment as final for purposes of immediate appeal, nor did she make a determination that there is no just reason for delay. Thus, we find that the judgment before us is not appealable. Accordingly, we will dismiss this appeal without prejudice. Brown & Root v. Matherne, 04-206 (La.App. 5 Cir. 7/27/04), 880 So.2d 77,79 (citing City of New Orleans v. Howenstine, 1998-2157 (La.App. 4 Cir. 5/5/99), 737 So.2d 197; Winkler v. Wadleigh Offshore, Inc., XXXX-XXXX (La.App. 4 Cir. 1/24/01), 781 So.2d 588).
For the foregoing reasons, this appeal is dismissed without prejudice, and the matter is remanded for further proceedings. All costs of this appeal are to be borne equally by the parties.
APPEAL DISMISSED.