MARION F. EDWARDS, Chief Judge.
| ;>This appeal from a judgment granting an exception of no right of action, a motion to strike portions of the petition, and a motion for summary judgment in a wrongful death action has been before this Court before.[1] The underlying lawsuit is one brought by the mother, great-grandmother, and step great-grandfather of a five-year-old child who drowned at the home of her paternal grandparents while in the legal custody of her father. The facts of custody of the child, the relationships *30 among the parties, and the claims of the action for wrongful death are complicated and were fully set forth in our prior opinion as follows:
On September 22, 1998, Isis Marie Larmeu was born to Danielle Larmeu and Ronny Nelson, who later married then separated. Initially, Danielle Lar-meu obtained physical custody of Isis during the separation. On November 8, 1999, Danielle Larmeu, by written petition to the Juvenile Court for Jefferson Parish, surrendered temporary custody of Isis to Danielle’s grandmother, Sandra O’Connor. Ronny Nelson did not appear in these proceedings but his parental rights were reserved in compliance with state law. On October 21, 2002, Sandra O’Connor was granted permanent custody of Isis and Ronny Nelson was ordered to pay child support of $100.00 per month to Mrs. O’Connor.
|sOn March 26, 2008, Ronny Nelson petitioned for full custody of Isis. On January 12, 2004, the juvenile court awarded full custody of Isis to Ronny Nelson. On March 24, 2004, Isis Lar-meu drowned in a swimming pool while she was under Camille Spinelli’s supervision.
On April 18, 2004, Sandra O’Connor, James O’Connor, and Danielle Larmeu filed a petition for damages against Ronny Nelson, Camille Spinelli, Valentino Spinelli, and XYZ Insurance Company. On June 2, 2004, defendants filed an answer and partial exception of no cause/right of action against Sandra and James O’Connor. That same day, defendants also filed a Motion to Strike three paragraphs from plaintiffs’ petition and also a partial Motion for Summary Judgment in favor of Ronny Nelson and Valentino Spinelli.
On August 13, 2004, Ronny Nelson filed a cross-claim and third-party demand against his mother, Camille Spi-nelli, and, her insurer, AIG Insurance Company. On September 8, 2004, the trial judge heard defendants’ partial exception of no cause/right of action, motion to strike, and partial motion for summary judgment. Plaintiffs had not filed oppositions to defendants’ exception or motions so plaintiffs’ counsel was not permitted oral argument on the issues.
On September 13, 2004, the trial judge signed a written judgment granting defendants’ partial exception of no right of action, motion to strike, and partial motion for summary judgment, which dismissed Ronny Nelson and Valentino Spi-nelli as defendants with prejudice. On September 17, 2004, plaintiffs filed a motion to set aside the judgment or for rehearing. On December 13, 2004, after a hearing, the trial judge refused to set aside the previous rulings....
Because the judgment did not adjudicate all the claims of all of the parties, and there was no consideration of the cross-claims made by one of the defendants, we found the judgment was not a final, ap-pealable judgment. Further, the judgment was not designated as a final and appealable judgment as required for our review. Accordingly, we dismissed the appeal without prejudice.[2]
The matter went forward in the trial court with continued discovery and the filing of an intervention and other proceedings by Louisiana Citizens Property Insurance Corporation (Citizens), the homeowner’s insurance carrier for Valentino Spinelli.
*31 |4In October of 2009, Citizens[3] filed a motion for summary judgment arguing that Isis Larmeu was an insured under the terms of the policy and, therefore, was not covered under the liability provisions of the homeowner’s policy. Additionally, Citizens asserted that neither Camille Spinelli nor Ronny Nelson is an insured and, therefore, Citizens did not have a duty to defend either of them. In that motion, Citizens also asked for a designation that all judgments are now final and appeal-able. The O’Connors and Danielle Lar-meu filed a motion to revise the court’s prior judgment of September 13, 2004.
The trial court considered both motions at a hearing on November 28, 2009 and rendered judgment on December 1, 2009 that granted the motion for summary judgment and dismissed Citizens with prejudice. In a separate judgment dated the same day, the trial court denied the motion to revise the 2004 judgment and designated the judgment as final and ap-pealable. Therefore, there are two judgments now in the proper procedural posture for our appellate review.
The first judgment, rendered on September 13, 2004, granted an exception of no right of action and dismissed Sandra O’Connor and James O’Connor as plaintiffs. That judgment also granted a summary judgment dismissing Ronny Nelson and Valentino Spinelli as defendants in the lawsuit. Finally, the judgment struck three paragraphs from the original petition relating to the custody proceedings in the Juvenile Court.[4]
The exception of no right of action was filed by defendants, Ronny Nelson (Isis’ father), Camille Spinelli (Isis’ paternal grandmother), and Valentino Spinelli, 15(CamiIIe’s ex-husband who is unrelated to Isis, but owns the house in which the child drowned).
Mr. Nelson and the Spinellis also filed a motion to strike three paragraphs from the petition for damages, arguing that the allegations set forth in the paragraphs are “immaterial, impertinent, and contain scandalous matter.” Finally, Mr. Nelson and Mr. Spinelli filed a motion for summary judgment based on the argument that Isis was in the sole care of Camille Spinelli when the tragedy occurred.[5]
None of the plaintiffs filed written pleadings opposing any of the above motions. However, counsel for plaintiffs appeared at the hearing on the motions. At that hearing, counsel acknowledged that he failed to file oppositions to the motions but requested that he be allowed to argue his position at the hearing. Counsel maintained that under the local rule of the Twenty-Fourth Judicial District, even when no written opposition is filed, the trial judge may entertain argument in opposition at the hearing. The trial judge responded as follows:
MR. MILLS: I would like to respond to what ...
THE COURT: You can’t. I’m sorry. You didn’t file an opposition.
MR. MILLS: Well ...
THE COURT: Have you read the local rules? Am I incorrect in saying that if *32 you don’t file an opposition, there’s no argument that you....
MR. KOGOS: I don’t think so, Your Honor.
MR. MILLS: It’s up to the court, Your Honor.
THE COURT: I don’t think so.
MR. KOGOS: I think it’s a clear rule.
IfiTHE COURT: I mean you put me in a bad position. You didn’t do it. I can’t help you. There’s nothing more I can do. You can’t argue.
At the end of the hearing, the trial court granted the exception of no right of action, the motion to strike three paragraphs from the petition for damages, and the motion for summary judgment, dismissing Ronny Nelson and Valentino Spinelli from the lawsuit. The O’Connors and Danielle Lar-meu filed for a rehearing on the judgment that was denied after a hearing.
On appeal, the O’Connors and Ms. Lar-meu assign four errors relating to this judgment for our review. In the first, they argue the trial court abused its discretion by refusing to allow oral argument on the motions filed by the defendants. The decision of the trial court to deny oral opposition was based on Louisiana District Court Rule 9.9, which, in part, provides:
(b) A party who opposes an exception or motion shall concurrently furnish the trial judge and serve on all other parties an opposition memorandum at least eight calendar days before the scheduled hearing. The opposition memorandum shall be served on all other parties so that it is received by the other parties at least eight calendar days before the hearing, unless the court sets a shorter time.
[[Image here]]
(D) Parties who fail to comply with paragraphs (a) and (b) of this Rule may forfeit the privilege of oral argument. ...
(Emphasis supplied.)
It is clear from the above rule that filing a timely, written opposition to an exception or motion is mandatory to ensure the opposing party the right to orally argue the opposing position at the hearing on the exceptions and motions. Although there appears to be some discretion with the trial judge to allow oral argument, it is clear that oral argument is a privilege, not a right, and is normally forfeited by the failure to comply with the filing guidelines. Under the facts of this |7ease, we find no abuse of the vast discretion of the trial court in denying that privilege herein.
The next three assignments relate to the merits of the exception of no right of action, the motion to strike, and the summary judgment in the September 13, 2004 judgment. In the second assignment, the O’ Connors and Ms. Larmeu argue it was an abuse of discretion to strike three paragraphs from their petition for damages.

MOTION TO STRIKE

The first two paragraphs in question set forth the custody proceedings in the Juvenile Court and establish the relationship among the parties. The final paragraph at issue states that “[djefen-dants, Ronny Nelson, Camille Spinelli and Valentino Spinelli, have also damage petitions by the intentional infliction of emotional distress by not allowing petitioner to see decedent child in the days prior to her death.”
In the motion to strike the paragraphs, Mr. Nelson and the Spinellis assert that the allegations of paragraphs 1, 2, and 8 are immaterial, impertinent, and contain scandalous matters and should not be considered in accordance with La. C.C.P. art. 964. The record does not contain a memorandum on this issue, and because there *33 was no oral argument at the hearing on the issue, we do not have any indication as to why these paragraphs were stricken from the petition. However, on appeal Mr. Nelson and the Spinellis argue that the first two paragraphs are irrelevant, and the third does not state a cause of action.
|s“The court on motion of a party or on its own motion may at any time and after a hearing order stricken from any pleading any insufficient demand or defense or any redundant, immaterial, impertinent, or scandalous matter.”[6]
Motions to strike are viewed with disfavor and are infrequently granted ... It is disfavored because striking a portion of a pleading is a drastic remedy, and because it is often sought by the movant simply as a dilatory tactic.... A motion to strike is only proper if it can be shown that the allegations being challenged are so unrelated to a plaintiffs claims as to be unworthy of any consideration and that their presence in the pleading would be prejudicial to the moving party....[7]
(Citations omitted.)
Upon review, we do not find the allegations in paragraphs 1 and 2, setting forth the custody proceedings and the relationship among the parties, to be so unrelated to this action as to be unworthy of consideration. Nor do we find them to be prejudicial to Mr. Nelson or the Spinellis. Accordingly, we find the trial court erred in granting the motion to strike paragraphs 1 and 2 from the petition.
The remaining paragraph attempts to state a cause of action for intentional infliction of emotional distress. The law is clear that one who by extreme and outrageous conduct intentionally causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.[8]
The motion to strike as to the final paragraph is clearly an attempt to dismiss a complaint from the petition on the grounds that it does not state a cause of action. Mr. Nelson and the Spinellis argue that the paragraph is insufficient to support any cause of action arising out of alleged emotional distress damages.
IsA motion to strike is not an authorized or proper way to procure the dismissal of a complaint or a cause of action.[9] A court must deny a motion to strike if there is any question of fact or law.[10]
Taking the allegations of the petition as a whole, Ms. Larmeu and the O’Connors assert that Isis lived continuously with the O’Connors from November 1994 until January 2004, at which time Mr. Nelson disputed the custody agreement and gained custody of the child. It is also alleged that Mr. Nelson and the Spinellis refused to allow the child’s mother or the O’Connors to visit the child. Two months after Mr. Nelson took custody, Isis died as a result of drowning, allegedly due to the negligence of Mr. Nelson and the Spinellis.
Given the allegations of the petition and the law regarding the consideration of mo *34 tions to strike, we find the trial court erred in granting this motion.

NO RIGHT OF ACTION

To recover under a claim for wrongful death and survival, a plaintiff must fall within the class of persons designated as a beneficiary as prescribed by La. C.C. arts. 2315.1 and 2S15.2.[11] It is clear that when, as in the instant case, the deceased left no spouse or child surviving, an action for wrongful death can only be brought by the surviving father and mother of the deceased.[12] Accordingly, we find the trial court correctly granted the exception of no right of action as to Sandra O’Connor, the deceased child’s great-grandmother, and James O’Connor, the deceased child’s step great-grandfather. The right to bring this action lies only with the child’s biological parents, Danielle Lar-meu and Ronny Nelson.

\ NUMMARY JUDGMENTS

In the final two assignments of error, the O’Connors and Ms. Larmeu argue the trial court erred in granting summary judgment in favor of Mr. Nelson and Mr. Spinelli in the September 13, 2004 judgment and in granting summary judgment in favor of Audubon Insurance Company and Citizens in the December 1, 2009 judgment.
Our standard of review on the grant of a motion for summary judgment is de novo. We must examine the record to determine whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law.[13] Pursuant to the 1996 amendments to this article, summary judgments are now favored, and the rules regarding such are to be liberally applied.[14]
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.[15]
One of the two summary judgments on appeal finds no liability on the part of defendants, Ronny Nelson and/or Valentino Spinelli. The motion for summary judgment filed by these two defendants contains an affidavit of each stating that they were not at the residence at the time of the incident and that the child had been left in the care and supervision of her paternal grandmother, Camille Spinelli. The affidavits also state that neither defendant committed any act of negligence that would give rise to liability.
|nAs previously stated, there was no opposition to this motion for summary judgment. Summary judgment cannot be defeated by mere argument. Argument of *35 counsel and briefs, no matter how artful, are not sufficient to raise a genuine issue of material fact. A non-moving party must produce some evidence other than unsupported denials in the pleadings or argument of counsel in order to defeat a motion for summary judgment which is supported with evidence.[16]
Given the motion and the supporting affidavits, and considering the law on this issue, we cannot say the trial court erred in granting the motion for summary judgment that dismissed Ronny Nelson and Valentino Spinelli.
The second summary judgment dismissed defendant, Audubon Insurance Company (Audubon) on the basis that Audubon did not insure the premises at the time of the accident. That judgment also dismissed Citizens on the undisputed evidence that established that the deceased was an insured under the policy. The trial court also found that Camille Spinelli and Ronny Nelson do not qualify as insureds under the policy and were not entitled to a defense in this lawsuit.
The attachments to this motion for summary judgment include an affidavit from the underwriting manager of Citizens which shows that Citizens, not Audubon, is the proper insurer at the time of the drowning in March 2004. The evidence presented in support of this motion also includes a transcript of the Juvenile Court proceedings in which Ronny Nelson obtained custody of the child. In that transcript, Ronny Nelson testified that he and Isis would live with his mother and stepfather at 1916 Bonnie Ann Street. Camille Spinelli’s deposition is also attached to the memorandum in support of the motion. In that deposition, Mrs. Spinelli testified that she is Ronny Nelson’s mother and that she married Valentino Spinelli after her divorce from Romfys father. She then divorced Mr. | lySpinelli. However, she later moved in with him at his home on Bonnie Ann Street. That home was solely owned by Valentino. She also established that Mr. Spinelli, who was no blood relation of either Ronny Nelson or Isis, actually supported the child by paying for her schooling and necessities, and allowed her to live in his home.
The insurance policy at issue is also in evidence. The policy defines “insured” as “you and residents of your household who are: a. your relatives; or b. other persons under the age of 21 and in the care of any person named above.” The policy is in the name of Valentino Spinelli. The policy contains an exclusion for the damages arising from an insured’s injuries or death. It also provides that the duty to defend only applies to an insured under the policy.
Citizens argued that Isis, being a resident of the household under the age of 21, is an insured under the policy. However, neither Camille Spinelli nor Ronny Nelson is an insured since neither is the spouse of, or related to, Valentino Spinelli. Therefore, Citizens reasons, damages arising from Isis’ death are excluded from bodily injury coverage, and the duty to defend does not extend to Camille Spinelli or Ronny Nelson.
The motion for summary judgment was unopposed by the O’Connors and Ms. Lar-meu. Upon consideration of the showing made by Citizens in support of the motion for summary judgment and applying the same law on this issue as cited herein, we find no error in the grant of this motion *36 for summary judgment in favor of Citizens.
For the foregoing reasons, we reverse the trial court’s ruling in the September 13, 2004 judgment that granted the motion to strike paragraphs 1, 2, 113and 8 of the petition. We affirm the rest of that judgment as well as the judgment of the trial court rendered December 1, 2009 granting summary judgment.

REVERSED IN PART; AFFIRMED IN PART; REMANDED

. O’Connor v. Nelson, 05-125 (La.App. 5 Cir. 7/26/05), 910 So.2d 441.

. Id.

. Audubon Insurance Company also joined in the motion arguing that it did not insure Vincent Spinelli at the time of the drowning.

. This judgment was reconsidered on a motion for revisal filed by plaintiffs. In a judgment rendered on December 1, 2009, that motion was denied, and the judgment was designated as a final judgment pursuant to La. C.C.P. art. 1915(B)(1).

. Mr. Nelson also filed a cross-claim on behalf of the child and himself against his mother, Camille Spinelli.

. La. C.C.P. art. 964.

. Hazelwood Farm, Inc. v. Liberty Oil and Gas Corp., 01-0345 (La.App. 3 Cir. 6/20/01), 790 So.2d 93, 98.

. White v. Monsanto Co., 585 So.2d 1205 (La.1991).

. Pitre v. Opelousas Gen. Hosp., 87-2360 (La.9/12/88), 530 So.2d 1151.

. Hazelwood Farm, Inc., supra.

. Turner v. Busby, 03-3444 (La.9/9/04), 883 So.2d 412, 416.

. La. C.C. art. 2315.2(A)(2).

. La. C.C.P. art. 966; Harrah’s Bossier City Inv. Co., LLC v. Bridges, 09-1916 (La.5/11/10), 41 So.3d 438.

. We note that La. C.C.P. art. 966 has been amended by Act 690 of the 2010 Legislature. However, the law used herein is unchanged.

. La. C.C.P. art. 966(C)(2).

. Maten v. State Farm Mut. Auto. Ins. Co., 08-1208 (La.App. 5 Cir. 4/28/09), 13 So.3d 196, 199.