SUSAN M. CHEHARDY, Judge.
12This is a wrongful death and survivor-ship action arising from the death of Dannie R. Breaux. At issue on this appeal is a grant of summary judgment in favor of the individual defendants, finding there is coverage under the defendant insurer’s policy. We affirm.
Dannie Breaux died in a fire on December 19, 2008, on the premises of Capitano’s Truck Repair in St. Rose, Louisiana. This lawsuit was filed by Breaux’s sister, Donna Davis, individually and as succession representative of the Estate of Dannie R. Breaux. Davis named as defendants Cat-lin Specialty Insurance Company, as insurer of Capitano’s, and John Capitano, Jr. and his wife Callie C. Capitano, as owners of the premises and of the business. The plaintiff alleged the Capitanos were negligent and that their negligence led to her brother’s death.
Catlin filed a motion for summary judgment on the basis that its policy does not cover the plaintiffs claims because it is a policy of garage operations liability insurance, but this accident did not arise out of garage operations.
The Capitanos also filed a motion for summary judgment, seeking a ruling that the policy does provide coverage.
The Catlin insurance policy’s declarations pages describe the policy as “garage liability insurance.” The applicable liability clause provides coverage for ^bodily injury or property damage “caused by an accident and resulting from garage operations other than the ownership, maintenance or use of covered autos.” The policy defines “garage operations” as “the ownership, maintenance or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations.” “Garage operations” also include all operations necessary or incidental to a garage business.
The district court denied Catlin’s motion for summary judgment. Catlin sought review of the denial of its motion via writ application to this Court and to the state supreme court, both of which denied writs.[1]
Subsequently, the court granted the Capitanos’ motion for summary judgment, with written reasons within the judgment:
The Court finds that the policy issued by Catlin Specialty Insurance Company to Mr. and Mrs. Capitano provides coverage for the plaintiffs’ claims....
The definition of “garage operations” includes three possible situations under which coverage would apply: (1) ownership, maintenance [or] use of the business’ “location”; (2) ownership, maintenance [or] use of scheduled automobiles; and (3) other “operations necessary or incidental to a garage business.” The evidence is unrefuted that the Capitanos operate a garage business located in a building which they own. The plaintiffs base their claims on allegations of negligence involving the building where the Capitanos operate their garage business. Accordingly, the claims arise from the Capitanos’ “ownership, maintenance or *582 use” of the location of their garage business. Under the language of the policy, whether the business was open and operating at the time of the fire is irrelevant. It is the ownership of the location itself by the Capitanos that give[s] rise to liability coverage under Section II of the policy. [Footnote omitted; emphasis in original.]
Catlin has appealed.[2]
I/The standard of review on the grant of a motion for summary judgment is de novo. O’Connor v. Nelson, 10-250, p. 10 (La.App. 5 Cir. 1/11/11), 60 So.3d 27, 34. The court must examine the record to determine whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. Id.
Catlin makes the following assignments of error:
(1) The trial court erred in granting summary judgment in favor of the Capita-nos because there are genuine issues of material fact as to whether the garage operations insurance policy issued by Cat-lin Specialty Insurance Company provided coverage for Dannie Breaux’s death; and
(2) The trial court erred in finding that liability under the garage operations insurance policy arose due to the insured’s mere ownership of the premises.
We find no merit to Assignment No. 1, because Catlin fails to show there are any material contested facts. Our analysis shows the issue is a question of law, which we must interpret. Hence, we address only Assignment No. 2, whether ownership of the premises is sufficient to trigger coverage under the policy.
Catlin contends the insured’s mere ownership of the premises is not sufficient to trigger liability for bodily injury where the deceased claimant started a fire himself, was a non-employee, and was asleep on a couch outside of business hours. Catlin asserts it issued a garage operations policy to Capitano’s Truck | ¡¡Repair, but that Breaux’s death occurred as a result of a fire while he was sleeping at night in Capi-tano’s Truck Repair and did not arise from garage operations.
It is uncontested that the Capitanos are the owners and operators of Capitano’s Truck Repair located at 310 Almedia Road, St. Rose, Louisiana; that Catlin Specialty Insurance Company issued a policy of garage operations liability to Capitano’s Truck Repair; that the decedent, Dannie Breaux, was sleeping in the office of Capi-tano’s Truck Repair on December 20, 2008, when a fire started, causing his death by smoke inhalation; that Dannie Breaux was allowed by John Capitano to sleep at the garage gratuitously because Breaux had *583 no home; and that Breaux was not an employee of Capitano’s Truck Repair.[3]
Catlin asserts that Dannie Breaux’s sleeping on a couch at Capitano’s Truck Repair, and the fire that caused his death, did not arise out of the garage operations of Capitano’s Truck Repair. The couch was being used for personal use after business hours. Alternatively, even if it were to be found that Breaux was an employee of Capitano’s Truck Repair, Catlin asserts the result would be no different, because Catlin’s policy also excludes bodily injuries to employees arising out of their employment. Further, even if Breaux were an employee and was sleeping on the couch after hours because he was homeless, his death did not arise out of garage operations.
In their motion for summary judgment, the Capitanos sought a ruling that the policy provides coverage for the actions or inactions alleged in the plaintiffs petition. The Capitanos concurred with Catlin that Dannie Breaux was sleeping on a couch in the office of Capitano Truck Repair, and he died from smoke inhalation | ñas a result of a fire that destroyed the premises. Danny Breaux was not an employee of the Capitanos and did no work for them.
The Capitanos disagreed with Catlin on the nature of the policy, contending that the policy issued to the Capitanos by Cat-lin is garage liability coverage, not garage operations coverage. The Capitanos asserted that although the policy provides coverage for garage operations, under the policy definition of “garage operations” the policy provides coverage for the actions or inactions alleged in plaintiffs petition.
The premises liability coverage clause of the policy states as follows:
SECTION II — LIABILITY COVERAGE
A. Coverage,
1. “Garage Operations” — Other Than Covered “Autos”
a. We will pay all sums an “insured” legally must pay as damages because of “bodily injury” or “property damage” to which this insurance applies caused by an “accident” and resulting from “garage operations” other than the ownership, maintenance or use of covered “autos”.
The policy further provides in SECTION VI — DEFINITIONS at subsection H:
“Garage operations” means the ownership, maintenance or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations.... “Garage operations” also include all operations necessary or incidental to a garage business.”
Thus, “garage operations” is broadly defined by the policy, but specifically includes the following: (a) ownership of locations for garage business, (b) maintenance of locations for garage business, (c) use of locations for garage [ 7business, (d) all operations necessary to garage business, and (e) all operations incidental to garage business.
Catlin argues that the garage operations definition is two-pronged: The first prong being “ownership, maintenance or use of locations for garage business and that portion of roads or other accesses that adjoin *584 these locations ...” and the second prong being “all operations necessary or incidental to garage business.” As written, Catlin contends, the definition requires that the activity giving rise to the injury be “necessary or incidental to a garage business.”
In opposition to the appeal, both the plaintiff and the Capitanos have filed ap-pellee briefs.
The plaintiff argues,
The policy clearly provides coverage for an “accident” resulting from “garage operations.” “Accident” is defined in the policy to mean “bodily injury.” “Garage operations” is defined in the policy to mean ownership, maintenance or use of locations for garage business. The activity causing the bodily injury does not have to be necessary or incidental to a garage business.
A dictionary definition of “accidental” is “occurring unexpectedly or by chance ... happening without intent or through carelessness and often with unfortunate results.” Merriam-Webster’s Collegiate Dictionary 7 (11th ed.2008). Certainly the death of Dannie Breaux caused by a fire in the business property constitutes an “accident.”
The next element, “garage operations,” is met simply by the fact that the injury occurred in the business premises. The Catlin policy requires an “accident” resulting from “garage operations,” which is defined to mean simply ownership, maintenance or use of a garage business. It also includes all operations “necessary or incidental” to a garage business. The Capita-nos here clearly owned, maintained and used a garage business, at which the accident occurred.
|sThe Capitanos contend that the presence of the word “ownership” in the definition of garage operations is intended to provide coverage for premises defects even though the injury does not occur during the actual conducting of garage business:
Had Catlin intended to restrict coverage as it now seeks in its policy interpretation, it could have easily done so by inserting the exclusionary or restrictive provisions as it did in other sections of the policy....
Such change could have been easily accomplished by redefining “garage operations” to mean: “Garage operations means the ownership, maintenance or use of locations for garage business while actually engaged in the conduct of garage business.” It chose not to and, in fact, as set forth above, the policy specifically states otherwise in clear and unambiguous terms.
We agree with the district court and the appellees. The presence of the decedent Breaux in the business premises did not have to be “necessary or incidental” to garage operations. The claims arising from Breaux’s death are covered because John Capitano and Callie Capitano d/b/a Capitano’s Truck Repair owned, maintained and used the building for garage business.
The cases cited by the appellant are inapposite, because none of them addressed the ownership-of-the-premises aspect. It is irrelevant whether the business was open and operating at the time of the fire; similarly, it is irrelevant why Breaux was on the premises. Under the language of the policy, it is the ownership of the premises as a garage business by the Cap-itanos that gives rise to coverage.
For the foregoing reasons, the judgment is affirmed. Costs of this appeal are assessed against the appellant, Catlin Specialty Insurance Company.

AFFIRMED

. Davis v. Catlin Specialty Ins. Co., 10-939 (La.App. 5 Cir. 1/25/11) (unpublished writ disposition), writ denied 2011-0401 (La.4/8/11), 61 So.3d 691.

. Although this judgment grants a motion for summary judgment, it is not a final judgment because it concerns only part of the case, specifically whether there is insurance coverage for the claims made by the plaintiff. Under La. C.C.P. art. 1915(B)(1), however, it is appealable as a partial summary judgment as to "one or more but less than all of the claims, demands, issues, or theories,” that has been "designated as a final judgment by the court after an express determination that there is no just reason for delay.” The trial judge stated in the judgment,
"The Court previously denied Catlin’s Motion for Summary Judgment and Cat-lin has filed an application for supervisory writs to the Louisiana Fifth Circuit. The Court finds that there is no reason to delay the definitive determination of coverage in the appellate process since proceeding further in this matter would be a waste of judicial economy should an appellate court disagree with the Court’s determination that coverage is provided under the Catlin policy after a full trial on the merits.”
As previously noted, Catlin’s writ application from the denial of its Motion for Summary Judgment was denied.

. In support of the motion, Catlin cited deposition testimony of John Capitano, who said that Breaux was not an employee and did not do any work at the shop. According to Capi-tano, Breaux was homeless and had been living in a dumpster. Capitano was allowing Breaux to stay at the truck repair shop out of kindness. Breaux slept on a couch on the premises.