Judgment rendered May 25, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,532-CA
No. 54,533-CA
(Consolidated Cases)

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

No. 54,532-CA

STEVEN SPILLMAN
Appellant

versus

DEPUTY PARKER AND
SHERIFF JAY RUSSELL, EX
OFFICIO AS SHERIFF OF
OUACHITA PARISH AND
TRAVELERS COMMERCIAL
INSURANCE COMPANY
Appellees

No. 54,533-CA

JACK ROBERTSON
Appellant

versus

DEPUTY PARKER AND
SHERIFF JAY RUSSELL, EX
OFFICIO AS SHERIFF OF
OUACHITA PARISH AND
TRAVELERS COMMERCIAL
INSURANCE COMPANY
Appellees

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court Nos. 2019-2006
(consolidated with) 2019-2030 (Civil)

Honorable Alvin R. Sharp, Judge

* * * * *

GRODNER & ASSOCIATES                    Counsel for Appellant
By: Donna U. Grodner


GIEGER, LABORDE & LAPEROUSE, LLC        Counsel for Appellee
By: Rachel G. Webre
    Nicholas S. Bergeron


* * * * *

Before MOORE, THOMPSON, and HUNTER, JJ.

**MOORE, C.J.**

Steven Spillman and Jack Robertson, two prisoners formerly housed in Ouachita Correctional Center, appeal a judgment that sustained a dilatory exception of prematurity (as to Spillman) and a declinatory exception of insufficiency of service of process (as to Robertson) and dismissed both prisoner suits without prejudice. We affirm.

## FACTUAL BACKGROUND

Spillman and Robertson were state prisoners being held in OCC; on August 20, 2018, they were to be transferred to Claiborne Parish Detention Center in a van driven by Deputy Parker. According to their petitions, Dep. Parker backed out of the sally-gate and struck a pole; both plaintiffs, "in full restraints and no seat belts," were jolted out of their seats and injured.

The cases were consolidated in June 2020, but because they pose different issues, we review the procedural histories separately.

### *No. 54,532-CA – Spillman*

Spillman filed a "Petition for Damages / Single Car Wreck" against Dep. Parker, Sheriff Russell, and their insurer in the Fourth JDC on June 24, 2019. Attached to the petition was a motion to proceed in forma pauperis, which was granted.

The defendants filed a dilatory exception of prematurity on October 17, 2019, arguing that Spillman had not exhausted the mandatory administrative remedy procedure under the Corrections Administrative Remedy Procedure ("CARP"), La. R.S. 15:1171-1179, and the Prison Litigation Reform Act ("PLRA"), R.S. 15:1181-1191. Spillman filed an opposition on November 27, 2019, urging that he had indeed filed a

grievance, but OCC had never responded, so the administrative remedy was deemed completed.

On February 6, 2020, the defendants sent the Fourth JDC a request to withdraw their exception on the basis that they had "discovered some new information, which renders the argument factually inaccurate." The district court entered an order "denying" the exception.

Then, on March 4, 2020, the defendants filed a new exception of prematurity, this time alleging further factual support.[1] The court set the hearing on the new exception for May 28, 2020; after various continuances, mostly owing to COVID-19 restrictions, it was finally set for May 13, 2021, via Zoom. The record does not show that Spillman filed an opposition to the second exception.

At the hearing, the defendants argued that Spillman did not follow OCC's administrative remedy procedure; counsel for Spillman countered that he *did follow* it, and called Spillman to testify about how he did so. The defendants objected that because he filed no opposition to the exception, he waived the right to offer argument or evidence, under Uniform Rules of District Court 9.9 (e). Counsel for Spillman contended that his opposition to the *first* exception should count toward the *second* one, but the court disagreed and sustained the objection. Spillman was then allowed to proffer his testimony. Counsel for Spillman also argued that the second exception was invalid, because all dilatory and declinatory exceptions must be filed at the same time, under La. C.C.P. art. 928 A. Again, the court disagreed.

---

[1] Specifically, they alleged that Spillman addressed his grievance to a midlevel administrator instead of a lower-level supervisor, contrary to OCC's administrative remedy procedure. They attached the affidavit of Capt. Campbell, the assistant warden, who outlined the process and averred that it is "made available to all inmates in the facility."

After taking the matter under advisement, the court sustained the exception of prematurity, dismissed Spillman's suit without prejudice, and advised that he could refile "should the prematurity impediment cure itself or become cured."

Spillman appealed, raising three assignments of error.

### No. 54,533-CA – Robertson

Robertson filed a nearly identical "Petition for Damages / Single Car Wreck" against the same defendants in the Fourth JDC on June 26, 2019. He requested service on Sheriff Russell and Dep. Parker at the Ouachita Parish Sheriff's Office. Like Spillman, he attached a motion to proceed in forma pauperis, but Robertson's was denied; as a result, no money was advanced and no service was effected. Robertson took a writ on the denial of his pauper motion, but this court denied it on the showing made, on October 30, 2019. Eventually, Robertson assembled the needed funds and service was effected on December 20, 2019, nearly six months after suit was filed.

The defendants filed a declinatory exception of insufficiency of service of process and a motion for involuntary dismissal on July 17, 2020. They alleged failure to request timely service of process (within 90 days after filing suit), under La. R.S. 13:5107 and La. C.C.P. art. 1201 C. Robertson filed an opposition, and the matter was set for hearing on May 13, 2021, via Zoom.

At the hearing, the defendants argued that Robertson's failure to obtain pauper status was tantamount to failure to request timely service. Counsel for Robertson countered that § 5107 required only a timely *request*

3

for service, not actual service, and that the 90-day limit should be suspended while pauper status was being litigated.

The court ruled from the bench that it was "familiar with this line of procedure" and that, based on this timeline, it would sustain the exception. It rendered judgment to that effect, dismissing the suit without prejudice, and advising Robertson that he could refile his petition or re-serve the defendants "in accordance with Louisiana law."

Robertson appealed, raising one assignment of error.

## APPLICABLE LAW

An offender in the custody of the Department of Public Safety and Corrections is required to initiate an administrative remedy for a delictual action for injury or damages within 90 days from the date the injury or damage is sustained. La. R.S. 15:1172 B(1). If he files a petition for damages while the administrative remedy process is ongoing but has not yet been completed, the suit must be dismissed without prejudice. La. R.S. 15:1172 C; *Dillon v. La. Dept. of Pub. Safety & Corrs.,* 20-0484 (La. App. 1 Cir. 12/30/20), 318 So. 3d 929.

The dilatory exception of prematurity, La. C.C.P. art. 926 A(1), is used in cases where the applicable law has provided a procedure for a claimant to seek administrative relief before resorting to judicial action. *Dupuy v. NMC Oper. Co.*, 15-1754 (La. 3/15/16), 187 So. 3d 436; *Larkin Dev. N. LLC v. City of Shreveport,* 53,374 (La. App. 2 Cir. 3/4/20), 297 So. 3d 980, *writ denied*, 20-01026 (La. 12/22/20), 307 So. 3d 1039. CARP and PLRA are such procedures which must be completed before any judicial action is mature. *Dailey v. Travis*, 04-0744 (La. 1/19/05), 892 So. 2d 17.

4

All objections which may be raised through the dilatory exception are waived unless pleaded therein. La. C.C.P. art. 926 B. The declinatory exception and the dilatory exception shall be pleaded prior to or in the answer; when both exceptions are pleaded, they shall be filed at the same time. La. C.C.P. art. 928 A. On the trial of the dilatory exception, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. La. C.C.P. art. 930; *Kelleher v. University Med. Ctr. Mgmt. Corp.*, 21-00011 (La. 10/10/21), 332 So. 3d 654; *Long v. Jeb Breithaupt Design Build Inc.*, 44,002 (La. App. 2 Cir. 2/25/09), 4 So. 3d 930.

Service and citation shall be requested on all named defendants, including any officer or employee of the state or any of its political subdivisions, within 90 days of commencement of the action. La. C.C.P. art. 1201 A; La. R.S. 13:5107 D(1). A valid request for service is made when the clerk receives the request for service and can then act on it. *Tranchant v. State*, 08-0978 (La. 1/21/09), 5 So. 3d 832. Service is not considered requested until the clerk receives a request for service and payment of the required fees or an order granting pauper status. *Methvien v. Our Lady of the Lake*, 20-1081 (La. App. 1 Cir. 4/16/21), 318 So. 3d 329; *Jenkins v. Larpenter*, 04-0318 (La. App. 1 Cir. 3/24/05), 906 So. 2d 656, *writ denied*, 05-1078 (La. 6/17/05), 904 So. 2d 711.

Waiver is the intentional relinquishment of a known right, power, or privilege, which occurs when there is an existing right, a knowledge of its existence, and an actual intention to relinquish it or conduct so inconsistent with the intent to enforce the right as to induce a reasonable belief that it has been relinquished. *Tate v. Charles Aguillard Ins. & Real Est. Inc.*, 508 So.

2d 1371 (La. 1987); *Green v. Brown*, 51,152 (La. App. 2 Cir. 2/15/17), 212 So. 3d 718, *writ denied*, 17-0707 (La. 9/16/17), 224 So. 3d 985.

The filing of, or the granting of, a writ application does not stay further proceedings unless the trial court or appellate court expressly orders otherwise. URCA Rule 4-4 (A); *Everett v. Baton Rouge Student Housing LLC*, 10-0856 (La. App. 1 Cir. 5/6/11), 64 So. 3d 883, *writ denied*, 11-1169 (La. 9/16/11), 69 So. 3d 1149.

A party who opposes an exception or motion shall concurrently furnish the trial judge and serve on all other parties an opposition memorandum so it is received at least eight calendar days before the scheduled hearing. URDC Rule 9.9 (c). Parties who fail to comply with this rule may forfeit the privilege of oral argument. URDC Rule 9.9 (d); *O'Connor v. Nelson*, 10-250 (La. App. 5 Cir. 1/11/11), 60 So. 3d 27.

## DISCUSSION

### *Spillman's Assignments*

By his first assignment of error, Spillman urges the district court erred in allowing the defendants to file a second exception of prematurity, and this was wrong for two reasons. First, citing C.C.P. art. 926 B ("All objections which may be raised through the dilatory exception are waived unless pleaded therein") and C.C.P. art. 928 A ("When both exceptions are pleaded, they shall be filed at the same time"), he contends that the first exception of prematurity waived any issues that could have been raised in the second, as all exceptions must be filed simultaneously. Second, he argues that voluntarily dismissing the first exception amounted to a waiver, precluding the defendants from asserting prematurity again. In support, he cites *Sales*

6

*Tax Collector v. Eckco Fabricators Inc.*, 423 So. 2d 1218 (La. App. 5 Cir. 1983).

This argument lacks merit. Art. 928 A refers to the declinatory *and* the dilatory exception: "[w]hen both exceptions are pleaded, they shall be filed at the same time." There is no prohibition against filing a second dilatory exception prior to answer. The courts have always considered the merits of a second exception of prematurity, if it was filed prior to the answer. *Dupuy v. NMC Oper. Co.*, *supra*; *Massey v. TXO Prod. Corp.*, 604 So. 2d 186 (La. App. 2 Cir. 1992); *Armand v. Lady of the Sea Gen'l Hosp.*, 11-1083 (La. App. 1 Cir. 12/21/11), 80 So. 3d 1222, *writ denied*, 12-0230 (La. 3/30/12), 85 So. 3d 121. Further, there was nothing in the defendants' request to withdraw the first exception, or in the district court's order, that constituted an intentional relinquishment of a known right, as would be required to prove a waiver. *Tate v. Charles Aguillard Ins. & Real Est.*, *supra*; *Green v. Brown*, *supra*. In fact, it referred to factual inaccuracies, which the movers might well try to remedy. We also note that contrary to the assertion in brief, the court in *Sales Tax Collector v. Eckco Fabricators*, *supra*, actually found that compliance with Arts. 926 and 928 *could not result* in waiver of the declinatory exception. This assignment lacks merit.

By his second assignment of error, Spillman urges the district court erred in finding that the second exception was unopposed; he contends that he filed an opposition to the first exception, and that this should count toward the second. He concedes that he did not specifically oppose the second exception, and that URDC Rule 9.9 (e) allowed the court to prohibit his oral argument, but submits that procedural rules exist not as ends in themselves, but for the sake of substantive law and to secure substantive

7

rights, *Unwired Telecom Corp. v. Parish of Calcasieu*, 03-0732 (La. 1/19/05), 903 So. 23d 392. He concludes that disallowing his testimony negated his substantive rights.

The party who opposes an exception or motion *shall* concurrently furnish an opposition memorandum at least eight days before the scheduled hearing. URDC Rule 9.9 (c). Parties who fail to do so may forfeit the privilege of oral argument. URDC Rule 9.9 (e). The district court has some discretion to allow oral argument; still, it is clear that oral argument is a privilege, not a right, and is normally forfeited by failure to comply with the filing guidelines. *O'Connor v. Nelson*, *supra*. The district court's ruling is subject to review for abuse of that discretion. *Id*.

In light of the overarching importance of compliance with CARP and PLRA, which provide the forum for resolving prisoner claims, we find no denial of Spillman's substantive rights. Moreover, given the new factual allegations of the second exception, we find no abuse of discretion in the district court's decision to apply Rule 9.9 as written. This assignment lacks merit.

By his third assignment of error, Spillman urges that the court erred in sustaining the exception of prematurity because the defendants failed to carry their burden of proof. Specifically, they "failed to offer any evidence": the grievance procedure and Capt. Campbell's affidavit were not in the record, and even that affidavit did not deny that Spillman filed a grievance. Finally, he suggests that affidavits "are generally inadmissible at trial."

A cursory review of the record refutes this argument. The defendants attached to the second exception the affidavit of Capt. Campbell, who outlined the CARP process, stated that it was available to all inmates in the

facility, and established that Spillman had submitted his initial grievance to the wrong officer. At the top of the hearing, on May 13, 2021, counsel stated that this was "submitted as evidence." Contrary to the assertion in brief, affidavits are routinely used to support or oppose the dilatory exception of prematurity. *Traders' Mart Inc. v. AOS Inc.*, 52,592 (La. App. 2 Cir. 4/10/19), 268 So. 3d 420, *writ denied*, 19-00694 (La. 10/21/19), 280 So. 3d 1165; *Hanlon v. Monsanto AG Prods. LLC*, 48,010 (La. App. 2 Cir. 10/9/13), 124 So. 3d 535; *Lyons v. Coleman*, 31,866 (La. App. 2 Cir. 5/5/99), 743 So. 2d 213. This assignment lacks merit.

The judgment sustaining the dilatory exception of prematurity is affirmed.

### Robertson's Assignment

By his sole assignment of error, Robertson urges that the court erred in finding that failure to pay all filing fees and effectuate service within 90 days was a basis to find that service was not requested. He urges that the standard of review is de novo, *Wilson v. State*, 53,433 (La. App. 2 Cir. 4/22/20), 295 So. 3d 1274, *writ denied*, 20-00717 (La. 9/29/20), 301 So. 3d 1176. Quoting La. C.C.P. art. 1201 C and R.S. 13:5107 D(1) ("service of citation shall be requested within nine days"), he argues that neither one requires actual service, but only a *request* for service, within 90 days. He asserts that he requested service within this time.

The Supreme Court has interpreted "request," as used in R.S. 13:5107, to mean a "two-party transaction involving one who asks that something be done and one who does what is asked." *Tranchant v. State*, *supra*. The First Circuit has elaborated that service of citation "is not considered requested until the clerk receives a request for service and payment of the required fees

9

or an order granting pauper status." *Methvien v. Our Lady of the Lake*, *supra*; *Jenkins v. Larpenter*, *supra*. Considering that the purpose of § 5107 (and of Art. 1201) is to discourage the filing of petitions merely to interrupt prescription but then to allow them to pend indefinitely, *Tranchant v. State*, *supra*, we agree with the First Circuit's reasoning. To request service, without providing the means to effectuate it, would reach the same result proscribed by § 5107.

We recognize that Robertson, unlike Spillman, did not receive automatic approval of his pauper status. However, his writ application challenging that action did not request a stay; hence, the 90 days were not suspended. URCA Rule 4.4 (A); *Everett v. Baton Rouge Student Housing*, *supra*. In addition, the effect of sustaining the declinatory exception is to dismiss the petition without prejudice, La. C.C.P. art. 932 A. The district court did not err in ruling that Robertson could refile his petition or obtain new service on the defendants. This assignment lacks merit. The judgment sustaining the declinatory exception of insufficient service of process is affirmed.

## CONCLUSION

For the reasons expressed, the judgments, sustaining the exceptions of prematurity and of insufficiency of service of process, are affirmed. The plaintiffs, Steven Spillman and Jack Robertson, are to pay all costs, in accordance with La. C.C.P. arts. 5186, 5188.

**AFFIRMED.**